IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**LEROY LEE NEWELL, Jr.,**

   **Plaintiff,**

v.              Civil Action No. 5:07cv19
                    (Judge Stamp)

**SINGLESOURCE Inc.,**

   **Defendant.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case on February 5, 2007, by filing a personal injury/product liability suit pursuant to 28 U.S.C. § 1332. On that same date, the clerk sent the Plaintiff a Notice of Deficient Pleading advising Plaintiff that he must either pay the $350.00 filing fee or file a Consent to Collection of Fees and a Prisoner Trust Account Report in support of his Motion for Leave to proceed in forma pauperis. On February 26, 2007, the plaintiff filed the required form, and on March 5, 2007, the plaintiff was granted leave to proceed as a pauper. This case is before the undersigned for a report and recommendation.

I. The Complaint

Plaintiff asserts that while he was in the custody of the West Virginia Department of Corrections at the Tygart Valley Regional Jail, he was eating a hamburger manufactured by Singlesource. During the course of consuming the hamburger, the plaintiff alleges that he bit into a coin and suffered damage to his tooth, gums, and filling. Plaintiff seeks monetary damages in the amount of $10,000 to compensate him for his physical pain and the continued effects from the damage to his mouth.

II. Analysis

A federal court is a court of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. Id. "It is to be presumed that a cause of action lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction...." Id. (citations omitted).

A federal court is granted federal question jurisdiction pursuant to 28 U.S.C. § 1331. This statute gives the district court subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. V. Williams, 482 U.S. 386, 392 (1987). The federal question raised must be a direct element in the plaintiff's claim, and must be substantial and not plainly frivolous. McLucas v. De Champlain, 421 U.S. 21, 28 (1975) (court should dismiss federal claim for lack of jurisdiction if basis for jurisdiction is obviously without merit or wholly frivolous); Mobil Oil Corp. V. Coastal Petroleum Co., 671 F.2d 419, 424-26 (11th Cir.), cert. denied, 459 U.S. 970 (1982) (federal questions must be direct element in plaintiff's claim). Furthermore, mere assertions that a federal question is involved are not sufficient to confer jurisdiction. McCartney v. West Virginia, 156 F.2d 739, 741 (4th Cir. 1946). Here, the plaintiff has made no attempt to plead any issue arising under federal law, and therefore, the courts lacks federal question jurisdiction.

A federal court is also granted jurisdiction in diversity actions. Specifically, 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between

citizens of different States. Here, even if there is diversity between the parties, the plaintiff has only alleged damages in the amount of $10,000, well below the threshold amount of $75,000. Therefore, this Court cannot exercise subject matter jurisdiction over this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

III. Recommendation

Inasmuch as this Court lacks subject matter jurisdiction over this matter under either diversity or federal question jurisdiction, it is hereby recommended that this case be **DISMISSED**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with te Clerk of the Court written objections identifying those portions of the recommendation to which objection is made, and the basis for such objections. A copy of any such objection shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: June 11, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE