IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEROY LEE NEWELL, JR.,

    Plaintiff,

v.                                Civil Action No. 5:07CV19
                                        (STAMP)
SINGLESOURCE, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On February 5, 2007, the plaintiff, Leroy Lee Newell, Jr., appearing pro se,[1] filed a complaint against the defendant, Singlesource, Inc., alleging personal injury and product liability claims pursuant to 28 U.S.C. § 1332. The Court referred the case to United States Magistrate Judge James E. Seibert pursuant to Local Rule of Prisoner Litigation Procedure 83.09 to recommend disposition of this matter. On that same date, the Clerk's Office sent the plaintiff a notice of deficient pleading advising the plaintiff that he must either pay the $350.00 filing fee or file a consent to collection of fees and a prisoner trust account report in support of his motion for leave to proceed in forma pauperis. On February 26, 2007, the plaintiff filed the required forms and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

was granted leave to proceed in forma pauperis by the magistrate judge.

On June 11, 2007, Magistrate Judge Seibert entered a report recommending that the complaint be dismissed for lack of subject matter jurisdiction over this action under either diversity or federal question jurisdiction. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with a copy of this report. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

In his complaint, the plaintiff contends that while he was in the custody of the West Virginia Department of Corrections at the Tygart Valley Regional Jail, he was eating a hamburger manufactured by Singlesource. During the course of consuming the hamburger, the

plaintiff alleges that he bit into a coin and suffered damage to his tooth, gum and filling. Plaintiff seeks monetary damages in the amount of $10,000.00 to compensate him for his physical pain and the continued effects from the damage to his mouth.

A federal court is a court of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). A federal court is authorized to entertain only certain actions which the Constitution or Congress have authorized it to hear. <u>Id.</u> "It is to be presumed that a cause of action lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." <u>Id.</u> (citations omitted).

A federal court is granted federal jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 provides the district court subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). The federal question raised must be a direct element in the plaintiff's claim, and must be substantial and not plainly frivolous. <u>McLucas v. DeChamplain</u>, 421 U.S. 21, 28 (1975).

Further, mere assertions that a federal question is involved are not sufficient to confer jurisdiction. McCartney v. West Virginia, 156 F.2d 739, 741 (4th Cir. 1946). In this action, the plaintiff has made no attempt to plead any issue arising under federal law. Thus, this Court lacks federal question jurisdiction.

A federal court is also granted jurisdiction in diversity actions. 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different States. In this action, even if there is diversity between the parties, the plaintiff has only alleged damages in the amount of $10,000, well below the threshold amount of $75,000.00. Accordingly, this Court cannot exercise subject matter jurisdiction over this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is hereby DISMISSED because this Court lacks subject matter jurisdiction over this action under either diversity or federal question jurisdiction.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in the waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff and counsel of record herein.

DATED: August 13, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE